*Heritage Foundation & Mike Howell v. U.S. Department of Homeland Security*
Case No. 1:22-cv-3186

Department of Homeland Security, Office of Inspector General *Vaughn* Index

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION & MIKE HOWELL,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY.,<br><br>*Defendants.* | Civil Action No. 1:22-cv-3186 |

**DHS OIG Summary *Vaughn* Index**

This *Vaughn* index describes DHS OIG's records release in its final response dated November 17, 2022 and its supplemental response on February 24, 2023, subject to the FOIA exemptions described more fully below, released by DHS OIG in FOIA case no. 2022-IGFO-00237.  This *Vaughn* index is being provided in response to Plaintiff's challenges to DHS OIG withholdings and provides the basis under which information has been withheld: Exemption (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E).

| | | **EXEMPTION SUMMARIES AND EXPLANATIONS** | |
|---|---|---|---|
| **Bates Page Number(s)** | **Withholding Full/Partial** | **Description of Records and Redactions, and Reasons for Redactions** | **Exemptions(s) Applied** |
| 9-13, 19-20, 25-31, 34, 37, 39-41, 59-60, 65, 75, 78, 81-82, 84-87, 89-92, 94, 98, 100-101, 116 | Partial | Redactions: These pages are from complaints submitted to DHS OIG and email communications between DHS OIG and Congressional staff related to allegations of misconduct. The information specifically withheld from these pages contain the names and personally identifiable information of DHS OIG's subjects, witnesses, complainants, and third parties, such as email addresses, phone numbers, addresses, date of birth and social security numbers. This information was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>Reason: Exemption (b)(6) protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy" and whether the public interest in disclosure outweighs the individual privacy concerns.  Exemption (b)(7)(C) is limited to information compiled for law enforcement purposes and protects personal information when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Additionally, under the FOIA's foreseeable-harm requirement, DHS OIG has determined that disclosing information exempted by (b)(6) and (b)(7)(C) would harm the privacy interests of the individuals further discussed below.<br><br>(b)(6) and (b)(7)(C) are similar in that both protect individual privacy interests and require a balancing test weighing an individual's privacy interests against the public's interest in the disclosure of the information requested. The information contained within these pages was compiled for law enforcement purposes and Exemptions (b)(6) and (b)(7)(C) were used to protect the names of DHS OIG witnesses, subjects, complainants, and other third-parties involved in law enforcement complaints and documents. Under (b)(6), DHS OIG determined that the disclosure of names of third-party individuals, specifically DHS OIG's witnesses or third parties in OIG's email discussions, would clearly constitute | Freedom of Information Act 5 U.S.C. § 552 (b)(6) and (b)(7)(C) |

|  |  | an unwarranted invasion of these individuals' personal privacy interests in: (1) not being associated unwarrantedly with alleged criminal activity and (2) being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion.  Moreover, none of the individuals named in these records have consented to the disclosure of their personally identifiable information.<br><br>Further, DHS OIG compiled the names of these individuals for law enforcement purposes, which under the FOIA (b)(7)(C) provides protection of these individuals' privacy interest in their PII.  DHS OIG's witnesses and complainants often provide sensitive information, which may subject them to retaliation, harassment and/or embarrassment if their identity is revealed. Sharing of PII further potentially places the complainant and/or witness in jeopardy of retaliation and has a chilling effect on candid conversations with law enforcement personnel, which would hinder DHS OIG's ability to conduct future investigations into complaint allegation, as OIG investigative personnel rely on truthful information provided by witnesses and complainants.<br><br>The release of these individuals' PII and/or identifying information would cause "a clearly unwarranted invasion of personal privacy" and the non-disclosure of this PII outweighs any public interest in how the government is performing its statutory duties.  The disclosure of this information would provide little to no understanding of how the Department carries out its mission.<br><br>The information redacted here are the names of third-parties mentioned in DHS OIG's email discussions and complaints, witnesses, complainants and subjects of allegations. The releasing of these names would not inform the public about the agency's operations and activities. The agency's operation is investigating criminal misconduct of DHS employees, which the agency has completed and provided the results of to the public. |  |

| Bates Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemptions(s) Applied |
|---|---|---|---|
| | | The disclosure of these individuals' names would provide little to no understanding of how the Department carries out its mission, as DHS OIG has only withheld the name of these individuals and any identifying information.<br><br>Additionally, under Inspector General Act of 1978, DHS OIG has a statutory obligation to protect a complainant's or witness's identity, which factored into DHS OIG's asserting Exemption 6 and Exemption 7(C) to protect the substantial privacy interest of DHS employees and third parties named in these records. | |
| 15, 16, 17, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 31, 33, 34, 35, 36, 37, 38, 39, 40 | Partial | Redactions: These pages contain internal email communications between the Office of Legislative Affairs personnel and emails between DHS OIG and Congressional staff. These pages consist of the names of DHS OIG lower-level employees, direct telephone numbers and email addresses. This information is considered Personally Identifiable Information (PII) of federal employees and was withheld under FOIA exemptions (b)(6) and (b)(7)(C).<br><br>Reason: Exemption (b)(6) protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy" and whether the public interest in disclosure outweighs the individual privacy concerns.  Exemption (b)(7)(C) is limited to information compiled for law enforcement purposes and protects personal information when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."<br><br>Under (b)(6) and (b)(7)(C), DHS OIG protects the names of lower-level DHS-OIG employees and any other information that could reasonably be expected to identify those individuals.<br><br>The nature of DHS OIG's work is often sensitive and contentious, which may subject DHS OIG's personnel to harassment, if their identity or PII is disclosed. | Freedom of Information Act 5 U.S.C. § 552 (b)(6) and (b)(7)(C) |

| Bates Page Number(s) | Withholding Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemptions(s) Applied |
|---|---|---|---|
| | | Further, the disclosure of the names and contact information of these individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy by: (1) conceivably subjecting OIG personnel to both harassment and annoyance in conducting their official duties and in their private lives, and (2) potentially placing them in danger as DHS personnel involved with law enforcement investigations.<br><br>Thus, the foreseeable harm to disclosing this information is significant. Further, the disclosure of this PII serves no public interest and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. Moreover, none of the individuals named in these records have consented to the disclosure of their personally identifiable information. | |
| 15-16, 18-19, 24, 35-36, 38-39, | Partial | Redactions: These pages contain internal discussions within email communication between DHS OIG employees. These communications include, but are not limited to draft email language sent from a subordinate to a supervisor for clearance prior to transmission, comments and questions related to information contained within the email and opinions and beliefs of employees discussing specific investigations in response to questions posed by Congress.<br><br>Reason: Exemption (b)(5) allows for the withholding of information that is deliberative, draft and pre-decisional, attorney work product, and protected attorney-client privilege. The information contained within these pages falls within the deliberative process privilege.<br><br>When considering the foreseeable harm in the release of internal pre-decisional communications with the Office of Legislative Affairs, it was determined that the release of the material would result in a chilling effect on interactions and | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| | | | |
|---|---|---|---|
| | | communications between agency employees, specifically the subordinate employee and supervisor. If employees are aware that their internal communications, pre-decisional thoughts and drafts may be released to the public, it will reduce the exchange of ideas, hampering the agency's ability to efficiently and effectively formulate techniques and strategies in responding to Congress, media and the public. It would further lead to erroneous information being disseminated to the public and impeded the Agency's ability to provide accurate and timely information to Congress. | |
| 1, 5, 59, 62, 64, 74, 77, 78, 80, 84, 89, 94, 100 | Partial | Redactions: These pages contain information such as non-public law enforcement email addresses and web addresses, investigative documents noted as For Official Use Only ("FOUO") and law enforcement information technology systems.<br><br>Reason: Exemption (7)(E) exempts from disclosure law enforcement records or information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."<br><br>Disclosure of non-public law enforcement internal email addresses, web addresses would increase risk of unauthorized access to agency's IT system and increase possible security risk exists, which would hinder future DHS OIG law enforcement investigations and mission.  Further, the disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(E) |