**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| HERITAGE FOUNDATION,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY OFFICE OF INSPECTOR<br>GENERAL;<br><br>        Defendants. | Case No. 1:22-cv-03186 |

**SUPPLEMENTAL DECLARATION OF OKECHI CHIGEWE**

**I.        INTRODUCTION**

        I, Okechi Chigewe, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

        1.        Please refer to my declaration in this case, dated July 5, 2023, for a summary of my background and my role as the Deputy Freedom of Information Act ("FOIA") Officer and Supervisory Government Information Specialist for the FOIA Unit within the Information Law and Disclosure Division ("ILD") in the Office of Counsel at the United States Department of Homeland Security Office of Inspector General ("DHS OIG").

        2.        This declaration supplements my declaration dated July 5, 2023. The purpose of this declaration is to provide supplemental information regarding the search conducted by DHS OIG, and the search terms used in that search, and challenged by the Plaintiff in Plaintiff's Cross-Motion for Summary Judgment and Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

3.      For the reasons set forth below, all locations reasonably likely to contain responsive records were searched, and search terms likely to return all responsive records to Plaintiff's FOIA request were used.

## II.      DHS OIG CONDUCTED ADEQUATE SEARCHES FOR RECORDS RESPONSIVE TO PLAINTIFF'S FOIA REQUEST

### A. DHS OIG Adequately Searched Locations Reasonably Likely to Contain Responsive Records

3.      Plaintiff's Opposition contends that DHS OIG's failure to search OIG leadership is fatal to the adequacy of DHS OIG's searches. *See* Plaintiff's Cross-Motion for Summary Judgment and Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 8.

4.      Once a FOIA request is submitted to DHS OIG, it is reviewed by the FOIA unit to determine the appropriate program offices to task with searches. If the requestor's description seeks the search of specific custodian(s) and/or locations, the FOIA Unit will task the appropriate program office(s) and/or custodian(s) requested to search for records responsive to the FOIA request.

5.      Plaintiff's FOIA request submitted on July 22, 2022, sought nine items,[1] it did not request the search of specific custodians or locations. Based the requestor's description of the records being sought and the FOIA Unit's knowledge of the various program offices' missions,

---

[1] Plaintiff's FOIA request sought the following records: 1. All records of DHS OIG's examination of the Incident, 2. All records relating to DHS OIG's examination of the Incident, 3. All records relating to United States Department of Homeland Security, U.S. Customs and Border Protection Office of Professional Responsibility ("CPB OPR"), Report of Investigation, No. 202112280 (Apr. 17, 2022) ("OPR Report"), 4. All records relating to the DHS OIG's declination to investigate the Incident, 5. All records relating to the declination by the Department of Justice to prosecute Border Patrol Agents for conduct during the Incident, 6. All communications with DHS (excluding DHS OIG) relating to the Incident, 7. All communications with the Department of Justice relating to the Incident, 8. All communication with Office of the President or Executive Office of the President relating to the Incident and, 9. All records notating, memorializing, or summarizing a communication, or a portion thereof, responsive to specifications 6–8.

the FOIA processor identified the program office(s) likely to possess responsive records and tasked the appropriate program office(s) to conduct the necessary searches.

6.      As Plaintiff's request sought records related to "allegations made against or about United States Customs and Border Protection agents "whipping" or otherwise engaging migrants attempting to cross into the United States in or near the Rio Grande River near Del Rio, Texas during the migrants' encounter with CBP agents on September 19, 2021 and any governmental response and investigation thereto including any subsequent official proceeding arising therefrom," search taskings were sent to the Office of Legislative Affairs ("OLA"), the Office of Information Technology ("IT") and the Office of Investigations ("INV").

7.      All communications related to the September 19th incident would have been received by the Office of Legislative Affairs and any responses would have been released through that program office; therefore, a search tasking was sent on October 31, 2022, to the Office Legislative Affairs.  As the Office of Legislative Affairs serves as the primary liaison to Congress, the media and the public, all communications from DHS OIG, with the exception of investigative emails, including those of DHS OIG leadership regarding the September 19th incident described in Plaintiff's FOIA request would lie within the Office of Legislative Affairs. *See* Okechi Decl. ¶ 24-25 (July 5, 2023).

8.      Further, Plaintiff's request sought records related to allegations of criminal misconduct by DHS employees and the Office of Investigation made the determination whether to pursue any investigation into these allegations of misconduct relating to the September 19th incident; therefore, a search tasking was also sent to the Office of Investigations. *See* Okechi Decl. ¶ 33 (July 5, 2023).

9. DHS OIG searched all of program offices reasonably likely to contain responsive records.

10. Plaintiff's Opposition also asserted that OIG's search was "lacking" because it is unclear to what extent emails were searched. *See* Plaintiff's Cross-Motion for Summary Judgment and Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 11.

11. As referenced in the July 5th declaration, DHS OIG employees maintain records in several ways. DHS OIG program offices use various systems to maintain their records. The determination of whether or not these electronic locations must be searched in response to a particular FOIA tasking, as well as how to conduct any necessary searches, is necessarily based on the manner in which employees maintain their files.

12. In response to the FOIA search tasking and the description of Plaintiff's FOIA request, the Office of Legislative Affairs conducted searches of all of the databases and locations in which their records are stored and maintained, which include the following locations: 1) Outlook, the program used for all DHS OIG electronic mail, of all OLA employees and the OLA inbox, 2) DHS OIG's shared drive and 3) the SharePoint database. These locations would house and store any relevant emails of *all* employees of the Office of Legislative Affairs and any relevant emails regarding the September 19th incident.

13. The Office of Information Technology (IT) further conducted a supplemental search of the Office of Legislative Affairs' email inbox to ensure all relevant communications were pulled. This search would have included any emails from OIG leadership, who emailed the inbox, transmitted emails from the inbox, or were copied on any communication from or to the inbox regarding the subject matters within Plaintiff's FOIA request.

14.     The Office of Investigations conducted its search of EDS. As discussed in the July 5th declaration, EDS is the official DHS OIG electronic case management system used to manage and store information and records relating to complaints and investigations. As noted in footnote 4 of the July 5th declaration, DHS OIG did not conduct any investigation into the September 19th allegations of "whipping" at the border; therefore, the Office of Investigations electronic case management system, EDS would house all relevant complaints and material responsive to Plaintiff's request, this would include all relevant investigative emails.

15.     Therefore, the Office of Legislative Affairs and the Office of Investigations have searched all locations that would store and maintain responsive records, including emails, to Plaintiff's FOIA request.

**B. DHS OIG PROPERLY SCOPED IT SEARCHES WITH BROAD SEARCH TERMS TO ENSURE ALL POTENTIALLY RESPONSIVE RECORDS WERE CAPTURED**

16.     In response to Plaintiff's FOIA request, the Office of Legislative Affairs, the Office of Information Technology, and the Office of Investigations conducted searches for records responsive to Plaintiff's FOIA request.

17.     Plaintiff's Opposition contends that the program offices' searches were unreasonably narrow and likely did not provide all responsive records. Specifically, Plaintiff indicated the search terms used were too narrow, further stating, that the term "whipping" is not an inclusive search term and would not pull terms such as "whip," "whips," or "whipped" and does not serve as a proper basis for a search. *See* Plaintiff's Cross-Motion for Summary Judgment and Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 12.

18.     As referenced in the July 5th declaration, in order to gather responsive records, the Office of Legislative Affairs and the Office of Investigations conducted searches of all of the databases and locations in which their records are stored and maintained.

19.     The Office of Legislative Affairs used the following search terms to pull potentially responsive records: "Whipping," "Haitian migrants," "Rio Grande River," "Del Rio," "Haiti," and "Horses."

20.     The Office of Information Technology further conducted a search of the Office of Legislative Affairs email inbox using the following search terms: Horse, Horseback, Horse Patrol, Del Rio, Rio Grande, Rio Grand, Rio Grand River, Rio Grande River, September 19, Sept 19, Sept. 19, 9/19, Haitians and Haitian with the timeframe of September 19, 2021 to present.  In addition to those search terms, the Office of Information Technology also included the following search terms in its search on November 8, 2022: Whipping, Whip and Whips, which was inadvertently omitted in the copying of the search terms and drafting of the first declaration, thus, variations of the term "whip" was included in OIG's search.

21.     The Office of Investigations conducted two searches. The first search for records contained the following parameters: 1) search keyword: whipping, 2) affected agency: CBP, BP, CBPOPR and, 3) record received date range: 8/1/2021 to 10/30/2021.  Thus, *any* complaint or reported incident that occurred during the timeframe of August 1, 2021, through October 10, 2021, including the September 19, 2021, incident described in Plaintiff's FOIA request, would be captured by the search.  The FOIA unit met with the Office of Investigations on November 4, 2022, to discuss expanding search terms to ensure all potentially responsive records were captured during the Office of Investigations' initial search.

22.     As indicated in the previous declaration, the Office of Investigations conducted a second search at the request of the FOIA unit with the following additional keywords: Horse, Horseback, Horse Patrol, Del Rio, Rio Grande, Rio Grand, Rio Grand River, Rio Grande River, September 19, Sept 19, Sept. 19, 9/19, Haitians and Haitian. The second search on November 4, 2022, also included the following search terms: Whipping, Whip and Whips, which was inadvertently omitted in the copying of the search terms and drafting of the first declaration, thus, variations of the term "whip" was also included in the Office of Investigation's search.

23.     Based on the description of Plaintiff's FOIA request, the FOIA unit made every effort to ensure the appropriate program offices conducted thorough searches for responsive records and that every location with potentially responsive records was searched using search terms that were reasonably likely to return responsive records. The FOIA unit met with the OLA, IT and INV to discuss the search terms and application of both root words and various suffixes, which included the root word "whip."

## III.     JURAT CLAUSE

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.  Signed this 15th day of September 2023.

_____
Okechi Chigewe
Supervisory Government Information Specialist
Information Law and Disclosure Division, FOIA Division
U.S. Department of Homeland Security
Office of Inspector General