UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HERITAGE FOUNDATION, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 22-3186 (CJN) |
| ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................1

LEGAL STANDARD .............................................................................................................2

ARGUMENT ..........................................................................................................................4

    I.   The Meaning of the Term "Reasonably Describes" as used in FOIA .............................4

    II.  Plaintiff's Request Is Improper Because It Would Impose an Undue Burden on INSPECTOR GENERAL to Fulfill. ...............................................................................8

CONCLUSION .....................................................................................................................10

## TABLE OF AUTHORITIES

**Federal Cases**

*Am. Fed'n of Gov't Emps.*, *Local 2782 v. Dep't of Commerce* ("*American Federation*"), 907 F.2d 203, 208-09 (D.C. Cir. 1990) ................................................................................................ 6

*Bristol-Myers Co. v. FTC*, 424 F.2d 935, 938 (1970) ................................................................... 4

*Brown v. Wash. Metro. Area Transit Auth.*, Civ. A. No. 19-2853, 2020 WL 806197, at *9 (D.D.C. Feb. 18, 2020) .............................................................................................................. 6

*Byrnes v. Dep't of Just.*, Civ. A. No. 19-0761, 2021 U.S. Dist. LEXIS 186266, at *32 (D.D.C. Sept. 29, 2021) ................................................................................................................ 7

*Cause of Action Inst. v. Dep't of Just.*, 999 F.3d 696, 706 (D.C. Cir. 2021) ................................ 1

*Chiquita Brands Int'l*, *Inc. v. SEC*, 806 F.3d 289, 295-96 (D.C. Cir. 2015) .................................. 5

*Edmond v. United States*, Civ. A. No. 17-2611, 2018 WL 6068417, at *2 (D.D.C. Nov. 19, 2018) ............................................................................................................................................ 6

*Evans v. BOP*, 951 F.3d 578, 583 (D.C. Cir. 2020) ..................................................................... 4

*FCC v. AT&T Inc.*, 562 U.S. 397, 409 (2011) .............................................................................. 5

*Goland v. CIA*, 607 F.2d 339 (D.C. Cir. 1978) ............................................................................. 8

*Halpern v. FBI*, 181 F.3d 279, 288 (2d Cir. 1999) ....................................................................... 7

*Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1388 (D.C. Cir. 1979) ................ 3

*Int'l Counsel Bureau v. Dep't of Defense*, 723 F. Supp. 2d 54, (D.D.C. 2010) (JDB) ................ 10

*Irons v. Schuyler*, 465 F.2d 608 (D.C. Cir. 1972) ........................................................................ 4

*Keeping Gov't Beholden*, *Inc. v. Dep't of Just.*, Civ. A. No. 17-1569, 2021 U.S. Dist. LEXIS 239148, at *12 (D.D.C. Dec. 13, 2021) ............................................................................ 3, 6, 9

*King v. Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987) ..................................................... 4

*Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 389 (D.C. Cir. 1996) .............................................. 7

*Leopold v. Dep't of Just.*, 301 F. Supp. 3d 13, 23 (D.D.C. 2018) .................................................7

*Leopold v. Immigration & Customs Enf't*, Civ. A. No. 18-2415, 2021 U.S. Dist. LEXIS 176978,
    at *10-11 (D.D.C. Sept. 17, 2020) ...........................................................................................3

*Marks v. Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978)........................................................7

*McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983)...............................................................6

*Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) ....................................................................3

*Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009)...................................................................4

*Nat'l Sec. Counselors v. CIA*, 960 F. Sup. 2d 101, 158 (D.D.C. 2013) ........................................7

*Nat'l Sec. Counselors v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020)..........................................7, 9

*Nation Magazine v. United States Customs Service*, 71 F.3d 892 (D.C. Cir. 1995) .....................8

*Public Emples. For Envtl. Responsibility v. EPA*, 314 F. Supp. 3d 68, 75 (D.D.C. 2018).............7

*Rojas-Vega v. U.S. Immigration & Customs Enf't*, 302 F. Supp. 3d 300, 306 (D.D.C. 2018) .......4

*Ruotolo v. Dep't of Justice*, Tax Div., 53 F.3d 4, 9 (2d Cir. 1995) ...............................................7

*Strum v. EPA*, Case Nos. 91-354040, 91-35577, 1992 U.S. App. LEXIS 20338, at *3 (9th Cir.
    Aug. 17, 1992) .........................................................................................................................7

*Truitt v. Dep't of State*, 897 F.2d 540, 544 (D.C. Cir. 1990) .......................................................5

*Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008) .........................................................................9

**Statutes**

5 U.S.C. § 552......................................................................................................................................1

5 U.S.C. § 552(a)(3)(A)................................................................................................................5, 8

5 U.S.C. § 552(c) ................................................................................................................. 1, 10, 11

5 U.S.C. § 552(a)(3)(A)...................................................................................................................5

**Other Authorities**

Attorney General's Memorandum on the 1974 Amendments to FOIA .......................................... 6

H. Rep. No. 93-876 ................................................................................................................... 6, 7

Pub. L. No. 90-23, 81 Stat. 54 (1967) ........................................................................................... 5

**Regulations**

28 C.F.R. § 16.3(b) ....................................................................................................................... 3

**Rules**

Fed. R. Civ. P. 56(a) ..................................................................................................................... 4

## INTRODUCTION

Plaintiffs the Heritage Foundation and Mike Howell ("Plaintiffs") ask this Court to compel Defendant the Department of Homeland Security, Office of Inspector General ("Inspector General") to act on facets of a request submitted under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The Inspector General however, repeatedly has explained that the number of potentially responsive records recovered pursuant to its search exceeds 600,000 pages. Without even taking into consideration the exorbitant financial cost that such an effort would require, the Inspector General has estimated that it would require over 100 years appropriately to process all the potentially responsive records subject to Plaintiffs' FOIA request. Importantly, "FOIA does not allow a requester to go fishing for a file and reel in the file cabinet," *Cause of Action Inst. v. Dep't of Just.*, 999 F.3d 696, 706 (D.C. Cir. 2021) (Rao, J., concurring), as Plaintiffs attempt to do here, and Plaintiffs have not offered to compensate the Inspector General for the gargantuan effort.

FOIA requires a plaintiff to submit a FOIA request that does not require impose an unreasonable burden and permits agencies, like the Inspector General, to refuse to honor requests that would impose unreasonable search and processing burdens. Because fulfilling Plaintiffs' FOIA request would impose unreasonably burdensome processing requirements on the Inspector General, the Court should grant the instant Motion for Summary Judgment.

## BACKGROUND

On July 22, 2022, Plaintiffs submitted a FOIA request seeking all records related to allegations made against or about United States Customs and Border Protection ("CBP") agents "whipping" or otherwise engaging migrants attempting to cross into the United States in or near the Rio Grande River near Del Rio, Texas during the migrants' encounter with CBP agents on September 19, 2021, along with any records documenting any governmental response and investigation relating to the aforesaid alleged events. Declaration of Tiffanie Woodland

("Woodland Decl.") ¶ 7. On November 17, 2022, the Inspector General responded to the request, providing forty-six pages released in full and fifty-six pages released in part. *Id.* ¶ 10. The Inspector General also referred sixteen pages to CBP. *Id.* On February 24, 2023, the Inspector General provided a supplemental response of fourteen additional pages of records, of which one page was released in part and thirteen pages were released in full. *Id.* ¶ 11.

Notwithstanding these releases, Plaintiffs have continuously expressed concerns regarding the inadequacy of the Inspector General's search, particularly because the it did not initially search any locations outside of its Office of Legislative Affairs and the Office of Investigations. *Id.* ¶¶ 13-14. On February 22, 2024, the Court held a hearing in which it indicated its agreement with Plaintiffs' position regarding the adequacy of the Inspector General's search and asked the Inspector General to advise whether it would be willing to review its search and conduct any supplemental searches to address Plaintiffs' concerns. *Id.* ¶ 18. The Inspector General thereafter agreed to conduct the supplemental searches sought by Plaintiffs. The supplemental searches have since been completed, and the Inspector General recovered thirty-three records (which have been provided to Plaintiff), along with one Microsoft Excel spreadsheet and an additional 628,277 pages of potentially responsive records (collective, the "additional records"). *Id.* ¶¶ 19-23.

A preliminary review of portions of the additional records indicated that the vast majority were not responsive to Plaintiffs' FOIA request. *Id.* ¶ 24. Based on that finding, the Inspector General sought to discuss with Plaintiffs a narrowing of the scope of potentially responsive records. These discussions were not productive. In general, Plaintiffs have not been responsive to the Inspector General's communications, and Plaintiffs have declined the suggestion to propose search terms that would narrow the scope of potentially responsive records. *See*, *e.g.*, Jt. Status Rep. (ECF No. 32). Absent any narrowing agreement between the parties, it would take the

Inspector General over 100 years to completely process all the records subject to Plaintiffs' FOIA request. Woodland Decl. ¶ 31.

## LEGAL STANDARD

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Research Ctr. v. Dep't of Justice*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment.") (quoting *Defenders of Wildlife v. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009)). "The Court reviews an agency's decision to withhold records *de novo*" and, in doing so, "should 'respect the expertise of an agency' and take care not to 'overstep the proper limits of the judicial role in FOIA review.'" *Leopold v. Immigration & Customs Enf't*, 560 F. Supp. 3d 189, 195(D.D.C. 2021) (quoting *Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1388 (D.C. Cir. 1979)).

Summary judgment is appropriate when the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In a FOIA case, that is when an "agency establishes that it has 'fully discharged its [FOIA] obligations[.]'" *Keeping Gov't Beholden, Inc. v. Dep't of Just.*, Civ. A. No. 17-1569 (FYP), 2021 WL 5918627, at *4 (D.D.C. Dec. 13, 2021) (quoting *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996)).

Generally, once the moving party has met its burden on summary judgment, the nonmoving party can overcome summary judgment by "set[ting] forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. However, in the FOIA context, if a plaintiff does not provide evidence that an agency has acted in bad faith, "'a court may award summary judgment solely on the basis of information provided by the agency in declarations,' provided that

the declarations are not 'conclusory, merely reciting statutory standards, or . . . too vague or sweeping.'" *Rojas-Vega v. Immigration & Customs Enf't*, 302 F. Supp. 3d 300, 306 (D.D.C. 2018) (quoting *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009) & *King v. Dep't of Just.*, 830 F.2d 210, 219 (D.C. Cir. 1987)).

## ARGUMENT

### I.     The Meaning of the Term "Reasonably Describes" as used in FOIA

Generally, "[u]nder FOIA, an agency is only obligated to release nonexempt records if it receives a request that 'reasonably describes such records.'" *Evans v. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quoting 5 U.S.C. § 552(a)(3)(A)).[1] A brief overview of the history of 5 U.S.C. § 552(a)(3)(A) clarifies the meaning of the term "reasonably describes."

The counterpart to § 552(a)(3)(A) that existed in the 1967 enactment of FOIA stated: "Except with respect to the records made available under paragraphs (1) and (2) of this subsection, each agency, on request for identifiable records made in accordance with published rules stating the time, place, fees to the extent authorized by statute, and procedure to be followed, shall make the records promptly available to any person." Pub. L. No. 90-23, 81 Stat. 54 (1967). The D.C. Circuit explained in *Irons v. Schuyler*, 465 F.2d 608 (D.C. Cir. 1972), that the "identifiable records" requirement "calls for 'a reasonable description enabling [a] Government employee to locate the requested records.'" *Id*. at 612 (quoting *Bristol-Myers Co. v. FTC*, 424 F.2d 935, 938 (1970)). Accordingly, it held that a request—for "all unpublished manuscript decisions of the Patent Office, together with such indices as are available"—was not a request for "identifiable records" because "the contours of the records . . . described are so broad in the context of the Patent

---

[1]     Agencies are not required to produce records made available under 5 U.S.C. § 552(a)(1) and (a)(2) or that are precluded from disclosure under 5 U.S.C. § 552(a)(3)(E). *See* 5 U.S.C. § 552(a)(3)(A).

Office files as not to come within a reasonable interpretation of 'identifiable records[.]'" *Id*. at 610, 613. In other words, the D.C. Circuit found the plaintiff's request was not for "identifiable records" on account of the burden of locating the requested records.

Congress inserted the term "reasonably describes" "in 1974 in replacement of the words 'request for identifiable records,' the terminology of Section 3 as originally enacted in 1967." *Truitt v. Dep't of State*, 897 F.2d 540, 544 (D.C. Cir. 1990). The House Judiciary Committee explained that the change in language was "designed to [e]nsure that a requirement for a specific title or file number cannot be the only requirement of an agency for the identification of documents." H. Rep. No. 93-876 at 125. "A 'description' of a requested document would be sufficient if it enabled a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Id*. at 125-126.

The Attorney General's Memorandum on the 1974 Amendments to FOIA promulgated by Attorney General Edward H. Levi (the "Attorney General's Memorandum") in 1975[2] contains the Executive Branch's contemporaneous interpretation of the 1974 amendments to FOIA, which the Supreme Court and the D.C. Circuit have viewed as "a reliable guide in interpreting FOIA." *Chiquita Brands Int'l, Inc. v. SEC*, 805 F.3d 289, 295-96 (D.C. Cir. 2015) (quoting *FCC v. AT&T Inc.*, 562 U.S. 397, 409 (2011)). The Attorney General's Memorandum explains the change from "identifiable" to "reasonably describes" as "serv[ing] basically to clarify rather than to alter the law as it has been understood by several courts and many agencies." Attorney General's Mem. at 22. "[I]t is not enough that the request provide enough data to locate the record; it must enable it to be located in a manner which does not involve an unreasonable amount of effort." *Id*. at 23.

---

[2]  The Attorney General's Memorandum was reprinted in the House Committee on Government Operations and Senate Committee on the Judiciary, *Freedom of Information Act and Amendments of 1974 (P.L. 93-502)*, 94th Cong., 1st Sess., 507, 518-19 (Jt. Comm. Print 1975).

That is, for a FOIA request to "reasonably describe" the records sought, the request must (1) be stated with specificity and (2) not be likely to result in an undue burden on agencies for them to produce the records sought, a requirement that captures Congress's intent that a request be described in a manner that enables "a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." H. Rep. No. 93-876 at 126.

The D.C. Circuit and this Court have agreed with this view, holding that if producing responsive records would be unduly burdensome, the request is improper. *See*, *e.g.*, *Am. Fed'n of Gov't Emps.*, *Local 2782 ("AFGE") v. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990) ("An agency need not honor a request that requires 'an unreasonably burdensome search. . . . [Although the records were identifiable,] these requests are so broad as to impose an unreasonable burden upon the agency. They would require the agency to locate, review, redact, and arrange for inspection a vast quantity of material."); *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983) (FOIA's reasonably describes provision "pertains to the subject matter, location and form of materials sought by a request"); *Jud. Watch, Inc. v. Dep't of State*, Civ. A. No. 23-2964 (JMC), 2025 WL 915533, at *2 (D.D.C. Mar. 26, 2025) ("a request is not 'reasonably described' if it requires overly burdensome post-search efforts"); *Brown v. Wash. Metro. Area Transit Auth.*, Civ. A. No. 19-2853 (BAH), 2020 WL 806197, at *9 (D.D.C. Feb. 18, 2020) ("This Circuit has . . . considered the burden that production of requested documents would impose on an agency in determining whether an agency response was required."); *Edmond v. United States*, Civ. A. No. 17-2611 (RCL), 2018 WL 6068417, at *2 (D.D.C. Nov. 19, 2018) (requests "may still be unreasonable if they remain so broad as to 'impose an unreasonable burden upon the agency'"); *Keeping Gov't Beholden*, 2021 WL 5918627, at *5 ("the D.C. Circuit has held that, even if the

agency can identify documents responsive to a request, a request does not reasonably describe documents if the request is 'so broad as to impose an unreasonable burden upon the agency'"); *see also Nat'l Sec. Counselors v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020) ("when the request as drafted would require an agency to undertake an unreasonably burdensome search, the agency can decline to process the request"); *Byrnes v. Dep't of Just.*, Civ. A. No. 19-0761 (APM), 2021 WL 5422281, at *10 (D.D.C. Sept. 29, 2021) (quoting *Leopold v. Dep't of Just.*, 301 F. Supp. 3d 13, 23 (D.D.C. 2018)) ("[a] FOIA request must reasonably describe the records sought" and "[a]s such, the requester must 'frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome'"); *Public Emps. for Envt'l Resp. v. EPA*, 314 F. Supp. 3d 68, 75 (D.D.C. 2018) (internal quotation marks omitted) ("The law is well settled that [a]n agency need not honor a request that requires an unreasonably burdensome search."); *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 158 (D.D.C. 2013) (finding that a FOIA request did not reasonably describe the records sought, in part, because the request would impose an unreasonable search burden); *Halpern v. FBI*, 181 F.3d 279, 288 (2d Cir. 1999) ("When the request demands all agency records on a given subject then the agency is obliged to pursue any 'clear and certain' lead it cannot in good faith ignore. But, an agency need not conduct a search that plainly is unduly burdensome.") (citing *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 389 (D.C. Cir. 1996) & *Ruotolo v. Dep't of Just., Tax Div.*, 53 F.3d 4, 9 (2d Cir. 1995)); *Van Strum v. EPA*, Case No. 91-35404, 1992 WL 197660, at *1 (9th Cir. Aug. 17, 1992) (citing *Marks v. Dep't of Just.*, 578 F.2d 261, 263 (9th Cir. 1978)) ("An agency is justified in denying or seeking clarification of FOIA requests that are so broad that the corresponding search for documents would place an inordinate burden on agency resources.").[3]

---

[3] Despite the referenced rulings and the amendments to FOIA, the language of 5 U.S.C. § 552(a)(3)(A) has remained unchanged since the 1974 amendments. *See* 5 U.S.C. § 552(a)(3)(A).

## II. Plaintiff's Request Is Improper Because It Would Impose an Undue Burden on the Inspector General to Fulfill.

Absent any narrowing agreement, Plaintiffs' FOIA request would impose an undue burden on the Inspector General to fulfill. FOIA defines "search" as "to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D). A search is unreasonably burdensome when an agency has not previously segregated the requested class of records and it would have to engage in a massive undertaking to locate and process responsive records. *See Founding Church of Scientology*, *Inc. v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979) ("When the agency has not previously segregated the requested class of records production may be required only where the agency (can) identify that material with reasonable effort.") (internal quotation marks omitted).

For example, in *Goland v. CIA*, 607 F.2d 339 (D.C. Cir. 1978), the Circuit deemed a search unreasonable where the agency would have had to conduct "'a page-by-page search' through . . . '84,000 cubic feet of documents'" in a records center. *Goland*, 607 F.2d at 353. In *AFGE*, the Circuit held that a search was unreasonable where an agency would have had "to locate 'every chronological office file and correspondence file, internal and external, for every branch office, staff office [etc.]'" in hopes of discovering information about an agency's promotion practices and that a request to inspect "every division or staff administrative office file in [an agency] which records, catalogues, or stores" promotion forms or memorandums was unreasonable. *AFGE*, 907 F.2d at 205, 208. In *Nation Magazine v. United States Customs Service*, 71 F.3d 885 (D.C. Cir. 1995), the Circuit held that a search was unreasonable where an agency would have had "to search through 23 years of unindexed files for records pertaining to" former Presidential candidate H. Ross Perot. *Nation Magazine*, 71 F.3d at 892. And in *National Security Counselors*, the Circuit affirmed the district court's determination that a search was unreasonable where agency records

were decentralized and therefore the agency "would be required to search every office for any documents containing the word 'Watson,' which would amount to a 'massive undertaking.'" *Nat'l Sec. Counselors*, 969 F.3d at 410. In the present matter, the Inspector General would likewise be required to engage in a massive undertaking to search for records in response to Plaintiffs' FOIA request, which serves as an appropriate basis for not honoring the request.

Here, the Inspector General offers the Woodland Declaration to establish the undue burden that fulfilling Plaintiffs' FOIA request would impose in terms of time and expense. *See Nation Magazine*, 71 F.3d at 892 ("An agency claiming a search would be unreasonably burdensome is required . . . to 'provide sufficient explanation as to why such a search would be unreasonably burdensome' in a 'detailed affidavit[].'")); *Keeping Gov't Beholden*, 2021 WL 5918627, at *5 (quoting *Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008)) ("[c]ourts often look for a detailed explanation by the agency regarding the time and expense of a proposed search in order to assess its reasonableness"). Woodland is the Senior Government Information Specialist for the FOIA Unit housed within the Office of Counsel at the Inspector General. If the Court ordered a processing rate of 500 pages of potentially responsive records per month, the Woodland Declaration confirms that, absent a narrowing agreement, the Inspector General's FOIA Unit would need over a century to complete processing of Plaintiffs' FOIA request.

As such, Plaintiffs' request places an undue burden on the Inspector General to process responsive records by retrieving those records, uploading the records, and processing them. *Crisman v. Dep't of Just.*, 332 F. Supp. 3d 139, 153 (D.D.C. 2018) ("FOIA does not require an agency to 'honor a request that requires the agency 'to locate, review, redact, and arrange for inspection a vast quantity of material'"); *Long v. Immigration & Customs Enforcement*, 149 F. Supp. 3d 39, 55-56 (D.D.C. 2015) ("Courts also have held that agencies are excused from

complying with FOIA requests where 'review[ing], redact[ing], and arrang[ing] for inspection [of] a vast quantity of material' presents an unreasonable burden"); *Int'l Counsel Bureau v. Dep't of Defense*, 723 F. Supp. 2d 54, (D.D.C. 2010) (JDB) (citing *AFGE* as holding the same).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion for Summary Judgment, and any cross-motion by Plaintiffs should be denied.

Dated: July 21, 2025
      Washington, DC

                                      Respectfully submitted,

                                      JEANINE FERRIS PIRRO
                                      United States Attorney

By:       /s/
                                      FITHAWI BERHANE
                                      Assistant United States Attorney
                                      601 D Street, NW
                                      Washington, DC 20530
                                      (202) 252-6653

                                      *Attorneys for the United States of America*